UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES R. ROEDIGER, | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | Civil Action No. 3:06CV1322 (CFD) |
| | : | |
| PAUL BORDERI | : | |
|     Defendant | : | |

### RULING ON PLAINTIFF'S MOTION FOR JUDGMENT AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I.    Introduction

The plaintiff, James R. Roediger[1] ("Roediger"), brought this action against Paul Borderi[2] ("Borderi"), an Internal Revenue Service ("IRS") agent, claiming that Borderi unlawfully used the Internal Revenue Code ("I.R.C." or "the Code") to place liens upon and levy his private property. Roediger claims that he is not a "person" whose property can be levied under I.R.C. § 6331, and therefore the levying of his property pursuant to § 6331 violated his right to not be deprived of his property without due process. Roediger also challenges the underlying basis for the IRS's assessment of tax deficiencies against him.[3] Roediger moves for judgment and Borderi

---

[1] The Court has construed the plaintiff's pro se complaint liberally. Elliott v. Bronson, 872 F.2d 20, 21 (2d Cir. 1989) ("The Supreme Court has long held that courts must construe pro se complaints liberally, applying less stringent standards than when a plaintiff is represented by counsel.").

[2] The United States is defending because it claims IRS Agent Borderi was improperly named and sued. Roediger would not stipulate to dismissal of Mr. Borderi as a defendant.

[3] Roediger forwards several arguments in support of his claim that he does not owe the taxes assessed against him. First, Roediger argues that the United States does not have jurisdiction to impose a tax upon him because he is "a citizen of one of the several states and not the (corporate) 'United States.'" Pl.'s Compl. at ¶ 12. Second, he argues that he does not fall within the class of persons defined in 26 U.S.C. 3401(c) and is therefore not taxable under Title

-1-

moves for summary judgment. Because Roediger is subject to levy under I.R.C. § 6331, and because the Court does not have jurisdiction over Roediger's tax disputes, the Court grants Borderi's motion for summary judgment and denies Roediger's motion for judgment.

II.     Summary Judgment Standard

In a summary judgment motion, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Eng'g Corp., 221 F.3d 293, 300 (2d Cir. 2000). The burden of showing that no genuine factual dispute exists rests upon the moving party. Carlton v. Mystic Transp., Inc., 202 F.3d 129, 133 (2d Cir. 2000) (citing Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1223 (2d Cir. 1994)). Once the moving party has met its burden, in order to defeat the motion the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor. Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

In assessing the record, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought. Anderson, 477 U.S. at 255; Graham, 230 F.3d at 38. "This remedy that precludes a trial is properly granted only when no rational finder of fact could find in favor of the non-moving party." Carlton, 202 F.3d at 134. "When reasonable persons, applying the proper legal standards, could differ in their

---

26. Id. at ¶ 10. Finally, he argues that he has no taxable income because "his labor is his own private property." Id. at ¶ 17.

responses to the question" raised on the basis of the evidence presented, the question must be left to the jury. Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000).

III.     Unlawful Levy

The Internal Revenue Code Section 6331 authorizes the IRS to levy a taxpayer's property when he or she has not paid the tax owed. Code Section 6331(a) reads as follows:

> If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax . . . by levy upon all property and rights to property . . . belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a notice of levy on the employer . . . of such officer, employee, or elected official."

I.R.C. § 6331. Roediger argues that the second sentence defines the first sentence's "any person." See Pl.'s Compl. ¶ 14. He argues that § 6331(a) authorizes the IRS to levy the property only of an "officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia." Id.

Roediger's reading of the statute is mistaken. The second sentence of § 6331(a) does not define or restrict "any person" upon whom the IRS can attach a levy, but it rather explains the proper procedure for levying the salary or wages of an employee or official of the United States or District of Columbia. The Code of Federal Regulations confirms the IRS's general levying authority, noting that "[i]f a taxpayer neglects or refuses to pay any tax within the period provided for its payment, it is lawful for the district director to make collection by levy on the taxpayer's property." IRS Procedural Rules, 26 C.F.R. § 601.104 (2007). Therefore, because

§ 6331 applies to any taxpayer, it applies to Roediger. Because Roediger's due process argument hinges entirely on his mistaken legal interpretation of § 6331, even viewing the facts in the light most favorable to Roediger leaves him without a viable claim. As Roediger does not dispute that he received notice of the deficiency and impending levy and did not pay the tax due, the IRS acted within the law in levying his property.

IV.     Underlying Tax Disputes

This Court does not have jurisdiction over the tax disputes that underlie Roediger's claims. Congress has chosen to channel most tax disputes through the IRS's comprehensive appeals process and Article I Tax Court. In general, before a deficiency may be assessed against a taxpayer, the IRS must send the taxpayer a notice of deficiency, known as a "90-day letter." IRS Procedural Rules, 26 C.F.R. § 601.103 (2007). Upon receipt of the notice, the regulations provide that the "taxpayer may then file a petition for a redetermination of the proposed deficiency with the U.S. Tax Court within 90 days from the date of the mailing" of the notice of deficiency. Id. If the taxpayer losses in the Tax Court, or if the taxpayer fails to file a Tax Court petition within 90 days, the deficiency will be assessed and a demand for payment will be mailed to the taxpayer. Id.[4] Once the IRS sends the taxpayer the demand for payment, the taxpayer cannot continue to challenge the assessment until he or she has paid the tax. Id. Upon payment of the tax, the taxpayer "may, within the applicable period of limitations, contest the assessment by filing with the district director a claim for a refund of all or any part of the amount paid." Id.

---

[4] Appeals from the Tax Court are brought to the United States Courts of Appeal. See 26 U.S.C. § 7482.

Only upon rejection of the taxpayer's claim at this stage may the taxpayer bring suit for recovery of the paid tax in a United States District Court or in the United States Court of Federal Claims. Id.

Because Roediger has not paid all of the taxes the IRS determined he owes, this Court does not have jurisdiction to consider the merits of his tax disputes. Had Roediger filed a petition in the Tax Court within 90 days of the notice of deficiency, he would have had the opportunity to argue the merits in that court without paying the tax assessed. Although the 90-day window has passed, Roediger may still pay the deficiencies and then file a lawsuit in this Court or in the Court of Federal Claims.

Accordingly, the defendant's motion for summary judgment [Dkt. # 32] is GRANTED, and the plaintiff's motion for judgment [Dkt. # 31] is DENIED. The clerk is directed to close the case.

SO ORDERED this   30th   day of September 2008, at Hartford, Connecticut.

/s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**